## LUDOVIC S. KING v. DUNCAN McKENZIE.

*Justices' courts—Unauthorized appearance.*

If a justice, whether properly or not, has erased his docket entry of the appearance of a defendant, he ought not to proceed in the case without giving notice of his purpose to the defendant, or the attorney who had assumed to appear for him.

Costs were withheld upon the affirmance of a judgment reversing the action of a justice in proceeding ex parte in a case in which he would have had a right to proceed if he had not previously erased his entry of defendant's appearance.

Error to St. Clair. (Stevens, J.)   October 2.—October 10.

ATTACHMENT.   Defendant brings error.   Affirmed.

*Atkinson & Stevenson* for appellant.

*Chas. K. Dodge* for appellee.

COOLEY, J. McKenzie sued King by attachment in justice's court, but failed to obtain personal service. The writ was returnable on February 27, 1882. On that day McKenzie's attorney, understanding or supposing that Mr. Dodge, an attorney of this Court, was to appear for King, procured from him the following paper: "Case of McKenzie v. King adjourned without prejudice to 28, 9 A. M." This was signed by Dodge, and presented at the proper time to the justice, who, understanding it to be a request addressed to him for the continuance of the case, continued it accordingly. On the next day, at the hour named, the plaintiff appeared and also Dodge, and by consent the cause was held open until two o'clock. The proper entries were made on the justice's docket on both occasions to show an appearance for the defendant by Dodge, as his attorney. Before the hour of two had arrived, Dodge went again to the justice's office, and told that officer he was not authorized to appear for King, and insisted that the entry of his appearance should be erased; which was done. When the hour for calling the case arrived, the plaintiff appeared, but there was no appearance for defendant. When the plaintiff understood what had been done respecting the appearance by Dodge, he demanded that the entry be restored; and this was done, and the cause heard ex parte, and judgment given for the plaintiff. Defendant, by Dodge as his attorney, then removed the case by certiorari to the circuit court, where the judgment was reversed.

The justice had a right to act upon the appearance of Dodge, and proceed in the case; and if he had not erased his entries on the docket we should see no reason for disturbing his judgment; but striking those out was a concession that the case could not further proceed on the appearance which had previously been entered; and though the justice may have erred in this, we can see much reason for the view of the circuit judge that the plaintiff should not have proceeded further in the case without notifying the defendant, or the attorney who had assumed to act for him, of his intention so to do.

We shall therefore not disturb the judgment of reversal; but we do not think the case is one calling for any costs in this Court. No costs will therefore be awarded.

The other Justices concurred.